IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

SANDRA GILBERT                                                                    PLAINTIFF

V.                        Civil No. 2:16-cv-02232-PKH-MEF

NANCY A. BERRYHILL, Commissioner
Social Security Administration[1]                                                 DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Sandra Gilbert, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 1382. In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff filed her application for SSI on July 17, 2013, alleging disability due to fibromyalgia, degenerative disk disease (DDD), chronic obstructive pulmonary disease (COPD), and arthritis. (ECF No. 8, pp. 168-173). On November 6, 2014, the ALJ held an administrative hearing. (ECF No. 8, pp. 36-81). Plaintiff was present and represented by counsel.

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

On June 26, 2015, the ALJ concluded that the Plaintiff's fibromyalgia, DDD, COPD, and obesity were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. (ECF No. 8, p. 26). He then found Plaintiff capable of performing light work involving occasional handling and fingering with the right upper extremity and no concentrated exposure to fumes, dust, gases, and poorly ventilated areas. With the assistance of a vocational expert, the ALJ found the Plaintiff capable of performing work as a scaling machine operator and cotton aid classer. (ECF No. 8, p. 30).

The Appeals Council denied the Plaintiff's request for review on July 16, 2016. (ECF No. 8, pp. 5-11). Subsequently, Plaintiff filed this action. (ECF No. 1). This matter is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. (ECF No's. 11, 12).

## II. **Applicable Law:**

This court's role is to determine whether substantial evidence supports the Commissioner's findings. *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Teague v. Astrue*, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Blackburn v. Colvin,* 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the

record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. 20 C.F.R. § 416.920(a)(4). Only if he reaches the final stage does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920(a)(4)(v).

## III. Discussion:

On appeal, Plaintiff raises four issues: (1) whether the ALJ fully and fairly developed the record; (2) whether the ALJ's Step Two determination in supported by substantial evidence; (3) whether the ALJ's RFC determination is supported by substantial evidence; and, (3) whether the vocational expert's testimony regarding the existence of jobs in significant numbers in the national economy is supported by the record. After a thorough review of the record, the undersigned finds that remand is necessary to allow the ALJ to reconsider the Plaintiff's RFC.

In September 3, 2013, Dr. Joe Dunaway treated the Plaintiff for myalgia, cervicalgia, and a backache. (ECF No. 8, pp. 292-293). She reported decreased grip strength in her left hand and indicated that she frequently dropped objects. An examination revealed a decreased range of motion in her back and neck. Dr. Dunaway completed a medical source statement indicating, among other things, that the Plaintiff could reach, handle, finger, and grip for less than two hours during an eight-hour workday and handle and feel for two hours during an eight-hour workday. (ECF No. 8, pp. 316-318).

On October 3, 2013, at the Commissioner's request, Dr. Michael Westbrook performed a general physical exam. (ECF No. 8, pp. 301-305). Due to arthritis, Plaintiff had difficulty holding a pen and writing, difficulty touching her fingertips to her right palm, and no ability to oppose her thumb to her fingers with her right hand. The grip strength in her right hand was 20% of normal, while her left hand was 40% of normal. Dr. Westbrook assessed moderate limitations in carrying, handling, and fingering.

On October 7, 2013, non-examining consultant, Dr. James Wellons, reviewed the Plaintiff's medical records and concluded Plaintiff could perform light work with limited handling and fingering with the right hand. (ECF No. 8, pp. 89-90). Similarly, on November 12, 2013, Dr. Sharon Keith reviewed Plaintiff's records and affirmed Dr. Wellons' opinion. (ECF No. 8, pp. 103-104).

On February 12, 2014, Dr. Dunaway diagnosed Plaintiff with pain and a decreased range of motion in her neck, back, and wrists. (ECF. No. 8, 378-379). He prescribed Amitriptyline and Gabapentin.

On March 13, 2014, Plaintiff complained that the Gabapentin was not relieving her pain. (ECF No. 8, pp. 366-367). Dr. Dunaway prescribed Tramadol.

In March and April 2014, Dr. Carlos Roman administered epidural steroid injections into Plaintiff's lumbar and thoracic spine. (ECF No. 8, pp. 329, 347).

On August 4, 2014, Plaintiff reported worsening pain. (ECF No. 8, pp. 360-362). Dr. Dunaway noted a decreased range of motion in her back and neck, diagnosed fibromyalgia, and prescribed Trazodone and Tramadol.

On August 14, 2014, Dr. Dunaway completed a second medical source statement. (ECF No. 8, pp. 314). He indicated that she would have significant limitations in her ability to handle and work with small objects with both hands.

The ALJ claimed to give Dr. Westbrook's opinion great weight, but he failed to acknowledge Dr. Westbrook's findings regarding Plaintiff's bilateral grip strength. He also failed to clarify what Dr. Westbrook meant by "moderate" limitations. Further, despite

evidence that the Plaintiff was being treated for fibromyalgia/myalgia/muscle pain/myositis, the ALJ found that the Plaintiff did not seek out treatment for arthritis of the hands.

Accordingly, the undersigned finds that remand is necessary to allow the ALJ to reconsider the Plaintiff's RFC. On remand, the ALJ is directed to re-contact Dr. Westbrook for a complete RFC assessment and clarification of what was meant by "moderate" limitations. The ALJ should also reconsider Dr. Westbrook's notation regarding Plaintiff's decreased bilateral grip strength, as it is supported by Dr. Dunaway's treatment notes documenting decreased grip strength and a reduced range of motion, as well as Dr. Dunaway's medical source statements indicating that the Plaintiff could reach, handle, finger, and grip for less than two hours during an eight-hour workday and handle and feel for a total of two hours.

On remand, the ALJ should also recall the vocational expert for clarification of her testimony regarding the number of jobs available to an individual with the limitations assessed by the ALJ. The undersigned is well aware that a vocational expert may rely on the Occupational Employment Quarterly (OEQ). *See, e.g., Lawrence v. Astrue*, 2009 WL 2178670, 6 (7th Cir. 2009) ("[W]e have found no issue with VEs regularly relying on the OEQ."); *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009) (stating the OEQ "does indeed seem to be a source on which VEs customarily rely"); *Gay v. Sullivan*, 986 F.2d 1336, 1340 (10th Cir. 1993) (holding it was proper for a VE to use the Employment Statistics Quarterly, published by United States Publishing Company, as a source for her job number testimony). The vocational expert in this case, however, was unable to explain how the handling and fingering limitations imposed by the ALJ would impact the total number of jobs that would be

available to the Plaintiff. (ECF No. 8, p. 74). Accordingly, the record requires further development in this regard.

### IV. Conclusion:

Based on the foregoing, I recommend reversing and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of December 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE